IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUINTON LOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-598-KAJ |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

At Wilmington this 29th day of December, 2005;

IT IS ORDERED that Quinton Lowman's motion for appointment of counsel (D.I. 3) is DENIED without prejudice to renew. Lowman, a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion, however, to appoint plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed plaintiff's complaint, the court finds that his allegations are not of such a complex nature

that representation by counsel is warranted at this time.

United States District Judge