# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINTIN LOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-598-KAJ |
| v. | ) |
| | ) |
| | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| WARDEN THOMAS CARROLL, | ) |
| JOHN/JANE DOES ONE THROUGH | ) |
| FOUR, DR. ROGER, | ) |
| | ) |
| Defendants. | ) |

## STATE DEFENDANT THOMAS CARROLL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS

### STATEMENT OF FACTS

1. Plaintiff Quintin Lowman ("Lowman" or "Plaintiff") was an inmate at Delaware Correctional Center ("DCC"). Plaintiff was released from DCC in January, 2006. He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On August 15, 2005, Plaintiff filed a complaint against First Correctional Medical, Warden Thomas Carroll, John/Jane Does One through Four and Dr. Roger (the "Complaint"). Thomas Carroll ("Defendant Carroll" or "Warden Carroll"), Warden of the Delaware Correctional Center ("DCC") is the only state defendant in this proceeding. Delaware Correctional Center is not a party to this action.

3. Plaintiff alleges in his Complaint that in January 2004 he injured his knee while incarcerated at DCC. Plaintiff contends that he filled out a sick call slip

requesting medical attention for his injury. Plaintiff admits that he received an x-ray of his knee in February 2004. (Complaint, "Statement of Claim" at 1).

4. Plaintiff further alleges in his Complaint that he injured his knee again in September 2004. He claims that he notified Correctional Officer Scott of his injury and that Officer Scott informed a nurse about Plaintiff's condition. (Complaint, "Statement of Claim" at 1). Plaintiff claims that the nurse refused to see him at that time. Plaintiff states, however, that his knee was eventually x-rayed and that the x-ray indicated that his fracture had healed. (Complaint, "Statement of Claim" at 1).

5. Plaintiff contends that over the course of the next few months he continued to fill out sick call slips requesting treatment for his knee. Plaintiff states that the medical staff responded to these requests and he was seen periodically by the medical staff for his injury. Plaintiff also states that an MRI was ordered for his knee and that he was taken to receive the MRI. (Complaint, "Statement of Claim" at 1-2). Plaintiff's recitation of the facts culminates with the statement,

> First Correctional Medical and there [sic] employees continue to provide inadequate and improper medical treatment to me. They have denied me access to proper medical attention for testing, treating and correcting my injuries … FCM's lack of medical treatment is making my injury worse as well as causing me to have mental and physical anguish and pain and suffering.

(Complaint, "Statement of Claim" at 3).

6. Plaintiff's Complaint makes no allegations against Warden Carroll. Further, Plaintiff's Complaint does not allege that Plaintiff communicated with the Warden regarding his injuries. In fact, Plaintiff's Complaint fails to mention Warden Carroll's name, except in the caption.

- 2 -

7. Warden Carroll asserts that he had no personal involvement in the medical treatment Plaintiff received for his knee. Moreover Defendant Carroll was not deliberately indifferent to Plaintiff's medical needs. Finally Defendant Carroll is immune from liability in this case.

8. On March 8, 2006, Defendant Carroll filed a Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). This is Defendant Carroll's Memorandum of Points and Authorities in support of the Motion to Dismiss.

## MEMORANDUM OF LAW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss the Court asks whether, "'the facts alleged in the complaint, even if true, fail to support the ... claim.'" *Id.* (quoting *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988)). A court must grant a motion to dismiss where "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Incorporated*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Given that no set of facts support a case against Defendant Carroll, the Motion to Dismiss should be granted.

I.  **PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT BY DEFENDANT CARROLL.**

To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). To support a claim for a civil rights violation a plaintiff must show that the defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover a plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981).

In this case, Plaintiff has failed to allege any personal involvement on the part of Defendant Carroll. Plaintiff never states that Defendant Carroll caused his knee injury or that Defendant Carroll prohibited him from receiving adequate medical care. Moreover Plaintiff fails to identify any causal link between Defendant Carroll and the issues in this case. Clearly Warden Carroll did not play an affirmative role in the alleged deprivation of Plaintiff's rights. Therefore Plaintiff cannot support a cause of action against Warden Carroll under § 1983 and the case against Defendant Carroll should be dismissed.

II.  **PLAINTIFF'S EIGHTH AMENDMENT RIGHTS HAVE NOT BEEN VIOLATED.**

Plaintiff fails to state any legal basis for his claims. But it appears Plaintiff's claims are based on alleged Eighth Amendment violations. Because the facts

of this case do not support a claim against Defendant Carroll for violation of Plaintiff's Eighth Amendment rights, this action should be dismissed.

Prison systems must provide prisoners with adequate medical care. *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). But a simple case of medical malpractice cannot support a claim of a constitutional violation. *Id.* "In order to succeed in an action claiming inadequate medical treatment, a prisoner must show more than negligence; he must show 'deliberate indifference' to a serious medical need." *Id.*

To demonstrate a cognizable claim of deliberate indifference under the Eighth Amendment a prisoner must prove that, (1) the defendant was deliberately indifferent to his medical needs; and (2) his medical needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official will not be considered deliberately indifferent simply because he "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer*, 991 F.2d at 69. Moreover, to establish deliberate indifference, a plaintiff must demonstrate a culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff cannot prove that Defendant Carroll was deliberately indifferent to his medical needs. Warden Carroll did not prohibit or interfere with Plaintiff's treatment. Further Plaintiff admits that his sick call slips were received by the medical staff and that he was being seen and treated by the nurses and doctors. Thus Plaintiff was under the care of the medical staff. Finally, Plaintiff cannot show that Defendant Carroll had a culpable state of mind. Therefore Plaintiff cannot maintain an action against

Defendant Carroll for deliberate indifference and the alleged deprivation of his Eighth Amendment rights and the case against Defendant Carroll should be dismissed.

### III. DEFENDANT CARROLL IS IMMUNE FROM LIABILITY FOR PLAINTIFF'S CLAIMS.

A review of the allegations in Plaintiff's Complaint clearly shows that Defendant Carroll is immune from liability in this case in his official and individual capacities.

#### A. The Eleventh Amendment protects Defendant Carroll from liability in his official capacity.

Plaintiff's Complaint appears to allege that Defendant Carroll is liable in his official capacity as the Complaint names the Defendant as Warden Thomas Carroll. To the extent Plaintiff seeks to hold Defendant Carroll liable in his official capacity, Defendant Carroll is immune from liability under the Eleventh Amendment.

The Eleventh Amendment states that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The United States Supreme Court has held that the Eleventh Amendment immunizes a state "from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

"The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F.Supp.2d 672, 678 (D. Del. 2002). The United States Congress can waive a state's sovereign immunity, and

therefore, its Eleventh Amendment immunity through the Fourteenth Amendment, however, a clear indication of Congress's intent to waive the state's immunity is required. *Id.* No such clear intent can be found in 42 *U.S.C.* § 1983. In fact, Congress's intent appears to be to the contrary as the statute facially allows suits only to be brought against persons. 42 *U.S.C.* § 1983.

A suit against a state official in his official capacity is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, Defendant Carroll, in his official capacity, is not a "person" for purposes of 42 *U.S.C.* § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, he is outside the class of persons subject to liability under 42 *U.S.C.* § 1983 and this Court lacks jurisdiction over Defendant Carroll in his official capacity. Therefore dismissal is appropriate.

### B. The doctrine of qualified immunity protects Defendant Carroll from liability in his individual capacity.

Plaintiff cannot maintain an action against Defendant Carroll in his individual capacity pursuant to the doctrine of qualified immunity. Government officials performing discretionary functions are immune from liability for damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established when, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Furthermore, state defendants are entitled to qualified immunity where they acted in good faith, without gross or wanton

negligence, in the performance of their discretionary duties. *Vick v. Haller*, 512 A.2d 249, 252 (Del. Super. 1986).

In this case Defendant Carroll could not have been aware that he was violating the Plaintiff's constitutional rights given that the Plaintiff was being treated by medical staff. Moreover the medical staff at DCC are independent contractors and neither employees of DCC nor employees of the Department of Corrections. Thus Defendant Carroll was not responsible for Plaintiff's medical treatment, he cannot be held liable for violating Plaintiff's constitutional rights, and he is immune from liability.

Plaintiff's Complaint fails to allege any personal involvement on the part of Warden Carroll in the alleged deprivation of Plaintiff's rights. Moreover Warden Carroll has not violated Plaintiff's Eighth Amendment rights in that he was not deliberately indifferent to Plaintiff's medical needs. Further, Defendant Carroll is immune from liability in this action. Therefore no set of facts support Plaintiff's allegations and the case against Defendant Carroll should be dismissed.

WHEREFORE, Defendant Carroll respectfully requests that this Honorable Court grant Defendant's Motion to Dismiss filed simultaneously herewith and dismiss this case as to Defendant Thomas Carroll.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
 Attorney for Defendant Thomas Carroll

Dated: March 9, 2006

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on March 9, 2006, I caused a true and correct copy of the attached *State Defendant Thomas Carroll's Memorandum Of Points And Authorities In Support Of The Motion To Dismiss* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Quintin Lowman
740 West Mount Vernon Street
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

>                                   */s/ Erika Y. Tross*
>                                   Erika Y. Tross (#4506)
>                                   Deputy Attorney General
>                                   Delaware Department of Justice
>                                   Carvel State Office Building
>                                   820 N. French Street, 6th Floor
>                                   Wilmington, DE 19801
>                                   302-577-8400