IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINTIN LOWMAN, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-598-*** |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | JURY OF 12 DEMANDED |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Pursuant to F.R.C.P. 4(m), F.R.C.P. 12(b)(6), and 18 *Del.C.* §6853(a)(1), defendants First Correctional Medical ("FCM") and Dale Rogers, M.D., move the court for an order dismissing all claims in the complaint against them on the grounds that, without good cause, plaintiff failed to serve moving defendants within 120 days of filing the complaint, plaintiff failed to state a 42 U.S.C. § 1983 claim against defendant FCM, and plaintiff failed to comply with the statutory requirements for filing a medical negligence suit and a 42 U.S.C. § 1983 action. In support of their motion, the moving defendants offer the following:

Background

1. Plaintiff is an inmate in the Delaware correctional system.

2. First Correctional Medical Delaware - LLC was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005. Defendant Dale Rogers, M.D., was an employee of FCM Delaware - LLC.

3. Plaintiff filed his complaint on August 15, 2005, D.I. 1. FCM was not served until October 5, 2006, D.I. 37. Dale Rogers, M.D., was not served until December 1, 2006, D.I. 38.

Legal Standards

4. Pursuant to Rule 4(m), an action "shall be dismissed" as to a defendant who was not served within 120 days of the filing of the complaint when the party on whose behalf such service was made cannot show good cause why service was not effected in the required period.

5. There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003)(copy attached as Exhibit 1). Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

6. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

Plaintiff Has Failed to Serve FCM Within 120 Days

7. More than one year passed from the filing of the Complaint in this matter and service of defendants FCM and Dale Rogers, M.D. Pursuant to F.R.C.P. 4(m), the Court shall dismiss a suit where the time for service has exceeded 120 days and there has been no showing of good cause. Plaintiff has not demonstrated good cause as to why moving defendants were not served within 120 days and this case should be dismissed as a matter of law.

Plaintiff has Failed to State a 42 U.S.C. § 1983 Claim Against FCM

8. It appears that the claims against FCM, to the extent that there are any, are derivative of the claims against other defendants or other unnamed FCM employees. There is no vicarious liability for civil rights actions, so the plaintiff fails to state a claim against FCM. *Hyson*, mem. order at 3.

Plaintiff has Failed to File an Affidavit of Merit

9. Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion

to extend the time for filing such affidavit. As such, plaintiff's state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

## Conclusion

10. For the above reasons, the moving defendants respectfully request that all claims against them be dismissed with prejudice.

                    McCULLOUGH & McKENTY, P.A.

                    /s/ Dana Spring Monzo
                    Daniel L. McKenty Del. Bar # 2689
                    Dana Spring Monzo Del. Bar # 4605
                    1225 N. King Street, Suite 1100
                    P.O. Box 397
                    Wilmington, DE 19899-0397
                    (302) 655-6749
                    Attorneys for First Correctional Medical and
                    Dale Rogers, M.D.

Dated: February 27, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUINTIN LOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-598-*** |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) | JURY OF 12 DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Dana Spring Monzo, do hereby certify that on this date First Correctional Medical and Dale Rogers M.D.'s **Motion to Dismiss** was served upon the following:

Quintin Lowman
3765 Richmond St.
Philadelphia, PA 19137

Erika Yvonne Tross, Esquire
Department of Justice
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Dana Spring Monzo
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorney for Defendants First Correctional Medical and Dale Rogers, M.D.

Dated: February 27, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUINTIN LOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-598-*** |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) | JURY OF 12 DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

And now this _____ day of _____, 2007, having considered First Correctional Medical and Dale Rogers M.D.'s Motion to Dismiss and any opposition thereto,

it is HEREBY ORDERED that First Correctional Medical and Dale Rogers M.D.'s Motion to Dismiss is granted.

_____
J.