IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINTIN LOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-598-*** |
| v. ) | |
| ) | Jury Trial Requested |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| WARDEN THOMAS CARROLL, ) | |
| JOHN/JANE DOES ONE THROUGH ) | |
| FOUR, DR. ROGERS, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANT THOMAS CARROLL'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL [RE: D.I. 52]**

COMES NOW, State Defendant Thomas Carroll ("State Defendant Carroll"), by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Second Motion to Appoint Counsel (the "Second Motion to Appoint") (D.I. 52).  In support of the Response, State Defendant Carroll states as follows:

1. At the time of the allegations in his Complaint, Plaintiff Quintin Lowman ("Lowman" or "Plaintiff") was an inmate incarcerated at Delaware Correctional Center ("DCC").  Lowman is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On August 15, 2005, Lowman filed a Complaint pursuant to 42 U.S.C. § 1983 against the Defendants, including State Defendant Carroll, claiming, *inter alia*, that the Defendants violated his Eighth Amendment rights by failing to provide him with medical care.  (D.I. 2).

3. The same day he filed the Complaint, Lowman also filed his First Motion to Appoint Counsel claiming that he needed counsel because he is unskilled in the law and DCC limits the days and times he can use the law library. (D.I. 3) The Court subsequently denied Lowman's First Motion to Appoint Counsel finding that the "allegations are not of such a complex nature that representation by counsel is warranted at this time." (D.I. 12).

4. On March 9, 2006, State Defendant Carroll filed a timely Motion to Dismiss the Plaintiff's Complaint along with a Memorandum in Support. (D.I. 29, 30). Lowman did not file a response to the Motion to Dismiss. To date, the Court has not issued a ruling on State Defendant Carroll's Motion to Dismiss.

5. Over one year later, on March 22, 2007, the Court scheduled a telephone conference for all parties. (D.I. 47). On April 11, 2007, counsel for the Medical Defendants informed the Court that she had no current contact information for the Plaintiff and could not inform him about the scheduled conference. (D.I. 48). The Court then canceled the teleconference and ordered Lowman to provide a current address and telephone number. (D.I. 49). Now, for the first time in over seven (7) months, Plaintiff makes his appearance and files the Second Motion to Appoint.

6. By the Second Motion to Appoint, Plaintiff claims he needs counsel because: (a) he is unable to use the knowledge and skill of the law the way counsel for the Defendants can; (b) he does not have a stable place to live; (c) he no longer has access to a law library; (d) he cannot afford an attorney; and (e) he has missed filing deadlines.

7. Given that Lowman fails to offer a justifiable reason for the appointment of counsel, this Court should deny the Second Motion to Appoint.

8. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

9. In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (a) the plaintiff's ability to present his own case; (b) the complexity of the legal issues; (c) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (d) the amount a case is likely to turn on credibility determinations; (e) the need for expert testimony; and (f) whether the plaintiff can attain and afford counsel on his own behalf. *Id*.

10. In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious

commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. Considering all of the *Tabron* factors, Lowman does not require appointed counsel at this time.

11. The reasons Lowman offers for why he needs counsel do not meet any of the *Tabron* factors. Lowman is no longer incarcerated, therefore he is free to visit a public library or a local public university library and obtain information he needs to present his case.

12. In addition, as the Court earlier found, the facts of this case are not so complex as to require appointment of counsel. The facts and information Lowman needs are all within his knowledge. Therefore counsel is not necessary.

13. Moreover, to the extent factual investigation is necessary, Lowman is free to avail himself of the various discovery tools to obtain whatever information and documents he does not possess.

14. Finally, expert testimony is probably not necessary in this case.

15. The Second Motion to Appoint fails to allege any special circumstances that require appointment of counsel. Therefore, in light of the *Tabron* factors and the facts of this case, Lowman does not need or require the appointment of counsel at this time and this Court should deny the Second Motion to Appoint.

- 5 -

WHEREFORE, State Defendant Carroll respectfully requests that this Honorable Court deny Plaintiff's Second Motion to Appoint Counsel.

                                          **DEPARTMENT OF JUSTICE**
                                          **STATE OF DELAWARE**

                                          */s/ Erika Y. Tross*
                                          Erika Y. Tross (#4506)
                                          Deputy Attorney General
                                          820 N. French Street, 6th Floor
                                          Wilmington, DE  19801
                                          (302) 577-8400
                                              Attorney for Defendant Thomas Carroll

Dated: October 23, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINTIN LOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-598-*** |
| v. | ) |
| | ) Jury Trial Requested |
| | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| WARDEN THOMAS CARROLL, | ) |
| JOHN/JANE DOES ONE THROUGH | ) |
| FOUR, DR. ROGERS, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Upon the Plaintiff's Second Motion To Appoint Counsel (D.I. 52) and State Defendant Thomas Carroll's Response In Opposition To Plaintiff's Second Motion To Appoint Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendant's Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion To Appoint Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on October 23, 2007, I caused a true and correct copy of the attached *State Defendant Thomas Carroll's Response in Opposition to Plaintiff's Second Motion to Appoint Counsel [Re: D.I. 52]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Quintin Lowman
8201 State Road
Philadelphia, PA 19163

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400