IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUINTON LOWMAN, )
)
      Plaintiff, )
)
v. ) Civ. No. 05-598-SLR-LPS
)
FIRST CORRECTIONAL MEDICAL, )
WARDEN THOMAS, JOHN AND )
JANE DOES 1 THROUGH 4, and )
DR. ROGERS, )
)
      Defendants. )

**O R D E R**

At Wilmington this 23rd day of May, 2008,

IT IS ORDERED that:

1. Plaintiffs' motion for appointment of counsel (D.I. 52) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. Plaintiff moves for appointed counsel on the bases that he is unskilled in the law and, that since being released from prison, he does not have a stable place to live and no longer has access to a law library. He also indicates that he has missed court deadlines.

4. This case is in its early stages, and discovery has yet to take place. Moreover, the facts of this case are fairly straightforward. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claim survive summary judgment.

5. The motion to withdraw as counsel for defendants First Correctional Medical ("FCM") and Dr. Dale Rogers ("Dr. Rogers") is **granted**. (D.I. 54)

6. On or before **June 23, 2008**, defendant FCM shall retain new counsel, as a corporation cannot represent itself. See Simbraw, Inc. v. United States, 367 F.2d 373. On or before **June 23, 2008**, defendant Dr. Rogers shall retain new counsel, or shall

inform the court that he is proceeding pro se, that is, without the help of counsel. Failure of FCM and/or Dr. Rogers to timely comply with this order shall be considered a failure to defend and the court shall conduct a hearing at some time in the future to determine whether judgment (and in what amount) shall be entered against FCM and/or Dr. Rogers.

_____
UNITED STATES MAGISTRATE JUDGE