

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

PETER T. DALLEO, CLERK
UNITED STATES DISTRICT COURT
844 KING STREET, LOCKBOX 18
WILMINGTON, DE 19801

05-598

US POSTAGE

NO RECORD found
NEED PR# TO FIND
Inmate

RTS R-TS.

RETURN TO SENDER

RECEIVED
JUN - 9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Quintin Lowman
8201 State Rd.
Philadelphia, PA 19163

INSUFFICIENT ADDRESS
ATTEMPTED NOT KNOWN
NO SUCH NUMBER/ STREET
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
OTHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUINTON LOWMAN,                         )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  ) Civ. No. 05-598-SLR-LPS
                                        )
FIRST CORRECTIONAL MEDICAL,             )
WARDEN THOMAS, JOHN AND                 )
JANE DOES 1 THROUGH 4, and              )
DR. ROGERS,                             )
                                        )
            Defendants.                 )

**ORDER**

At Wilmington this 23rd day of May, 2008,

IT IS ORDERED that:

1. Plaintiffs' motion for appointment of counsel (D.I. 52) is **denied** without

prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or

statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477

(3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the

court's discretion to seek representation by counsel for plaintiff, and this effort is made

only "upon a showing of special circumstances indicating the likelihood of substantial

prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such

assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord

Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has

arguable merit in fact and law).

RECEIVED
JUN – 9 2008
U.S
DIST          RT
              WARE
BD scanned

2. After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak,

294 F.3d 492, 499 (3d Cir. 2002).

3. Plaintiff moves for appointed counsel on the bases that he is unskilled in the

law and, that since being released from prison, he does not have a stable place to live

and no longer has access to a law library. He also indicates that he has missed court

deadlines.

4. This case is in its early stages, and discovery has yet to take place.

Moreover, the facts of this case are fairly straightforward. Upon consideration of the

record, the court is not persuaded that appointment of counsel is warranted at this time.

Further motions for appointment of counsel shall be deemed denied without prejudice

to renew should any of plaintiff's claim survive summary judgment.

5. The motion to withdraw as counsel for defendants First Correctional Medical

("FCM") and Dr. Dale Rogers ("Dr. Rogers") is **granted**. (D.I. 54)

6. On or before **June 23, 2008**, defendant FCM shall retain new counsel, as a

corporation cannot represent itself. See Simbraw, Inc. v. United States, 367 F.2d 373.

On or before **June 23, 2008**, defendant Dr. Rogers shall retain new counsel, or shall

inform the court that he is proceeding pro se, that is, without the help of counsel.

Failure of FCM and/or Dr. Rogers to timely comply with this order shall be considered a

failure to defend and the court shall conduct a hearing at some time in the future to

determine whether judgment (and in what amount) shall be entered against FCM and/or

Dr. Rogers.

_____
UNITED STATES MAGISTRATE JUDGE