




CA 05-598 SLR/LPS



CC: A
5/27/08

(59)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINTON LOWMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 05-598-SLR-LPS |
| FIRST CORRECTIONAL MEDICAL, WARDEN THOMAS, JOHN AND JANE DOES 1 THROUGH 4, and DR. ROGERS, | ) ) ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to me for an appropriate Report and Recommendation pursuant to 28 U.S.C. § 636(b). (D.I. 55) For the reasons discussed below, I recommend that State Defendant Thomas Carroll's motion to dismiss be granted, and First Correctional Medical and Dr. Dale Rogers' motion to dismiss be granted in part and denied in part. (D.I. 29, 46)

I.  **BACKGROUND**

Plaintiff, Quinton Lowman ("Plaintiff"), a former inmate housed at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs. Plaintiff appears *pro se* and has been granted *in forma pauperis* status. Plaintiff alleges that he fractured his knee in January 2004, it was x-rayed in February 2004, but the only treatment he received was an elastic knee support and Motrin. Plaintiff re-injured his knee in September 2004, but by this time an x-ray indicated that the fracture had healed, and Plaintiff was given pain medication. Plaintiff was seen by

Defendant Dr. Dale Rogers ("Dr. Rogers") who indicated there was a possible problem with the knee, and that Plaintiff needed to undergo an MRI and see an orthopedist, but the order was refused. Plaintiff filed sick call slips and medical grievances from October 15, 2004 until November 30, 2004 seeking treatment. His grievances were denied on the basis that there was no need for an orthopedic consultation or for an MRI to be performed. Plaintiff was seen by Dr. Rogers on April 5, 2005, and she submitted another request for an MRI. The MRI was performed in May 2005 and, in June 2005, Plaintiff received a letter from Defendant First Correctional Medical ("FCM") that the MRI was abnormal and he would be referred to a specialist. Plaintiff submitted a sick call slip to discuss the MRI with a physician. The response was that Plaintiff would be scheduled to see a physician when the results came back abnormal.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007)

(internal quotation marks omitted). Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only fair notice, but also the grounds on which the claim rests. *Id.* Therefore, "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." *Id.* at 235 (internal quotation marks omitted). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (internal quotation marks omitted). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

Carroll moves for dismissal on the bases that the complaint fails to allege his personal involvement or his deliberate indifference to Plaintiff's serious medical needs,

and he has Eleventh Amendment immunity in his official capacity and has qualified immunity in his individual capacity.

FCM and Dr. Rogers advance several theories in support of dismissal. They argue they were not served within 120 days from the filing of the complaint; as to FCM, the complaint fails to state a claim upon which relief may be granted; and Plaintiff did not file an affidavit of merit in support of any potential medical negligence claim.

## III. DISCUSSION

### A. State Defendant Carroll

I have reviewed the complaint and it contains no allegations directed to Carroll. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It may be that Plaintiff attempts to state a claim against Carroll based upon his supervisory position. Plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v.*

*Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the supervisory official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Carroll was the "moving force [behind]" Plaintiff's allegations. The complaint does not indicate that Carroll was aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. *Sample*, 885 F.2d at 1118. Hence, the complaint fails to state a claim against Carroll in his supervisory position.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). As to Carroll, the complaint contains no such allegations.

Based upon the foregoing analysis, I recommend that Carroll's motion to dismiss be granted as the complaint fails to allege any personal involvement on his behalf and fails to state an Eighth Amendment claim against him.[1]

---

[1] I find no need to address the Eleventh Amendment and qualified immunity issues raised in Carroll's motion to dismiss inasmuch as I am recommending dismissal on other grounds.

### B. Medical Defendants

#### 1. Service

FCM and Dr. Rogers argue that more than one year passed from the filing of the complaint to the time they were served. They contend that Plaintiff has not demonstrated good cause why they were not timely served.

FCM was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005. Plaintiff signed his complaint on August 8, 2005, it was filed stamped on August 15, 2005, and a service order was entered on December 29, 2005. (D.I. 2, 11) Plaintiff timely submitted the USM-285 forms for FCM and Dr. Rogers in accordance with the court's order, and the complaint with the USM-285 forms were submitted to the U.S. Marshal for service on January 23, 2006. The returns were returned as unexecuted on January 25, 2006, on the basis that both defendants were "no longer @ address provided." (D.I. 19, 21) Thereafter, on August 16, 2006, the court entered an order requiring Plaintiff to submit new USM-285 forms for the medical defendants so that service could be effected. (D.I. 35) The new USM-285 forms were received by Plaintiff and a new service package was submitted to the U.S. Marshall to effect service upon FCM and Dr. Rogers.

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at its discretion, extend the time for service even if

plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

FCM stopped providing medical services to the Delaware correctional system on June 30, 2005. Barely more than one month later, Plaintiff filed suit against FCM and Dr. Rogers, providing the address where they had been located. As FCM and Dr. Rogers are aware, Plaintiff proceeds *in forma pauperis* and, therefore, must rely upon the court to issue a service order and the United States Marshal Service to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding *in forma pauperis*, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Given Plaintiff's incarceration and the short period of time that FCM had stopped providing medical services prior to Plaintiff filing his complaint, I find it more than reasonable that Plaintiff provided the addresses he did for FCM and Dr. Rogers. Moreover, once it was discovered that the wrong address had been provided, Plaintiff complied with the court's order to effect service. Dismissal for failure to timely serve is not proper. Therefore, I recommend that the motion to dismiss on the basis of untimely service be denied.

### 2. Failure to State a Claim

FCM argues that the complaint fails to state a claim against it because there is no vicarious liability in a § 1983 civil rights action. Therefore, it should be dismissed as a defendant.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle*, 429 U.S. at 103-105. In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample*, 885 F.2d at 1110; *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). Here, in order to establish that FCM is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [FCM] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

Liberally construing the complaint, as I must, it alleges that Plaintiff sustained a fractured knee, that FCM was aware of his medical condition, and that – despite

Plaintiff's repeated requests – FCM either denied or delayed his medical treatment. I find that, on a motion to dismiss, Plaintiff has adequately alleged deliberate indifference to a serious medical need based upon a policy or custom of FCM. Therefore, I recommend that FCM's motion to dismiss for failure to state a claim be denied.

### 3. Medical Malpractice

FCM and Dr. Rogers move to dismiss any medical negligence claims on the basis that Plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Plaintiff does not appear to allege medical negligence. However, if he does, the motion is well-taken. Plaintiff has not filed the required affidavit and, therefore, I recommend that the motion to dismiss the medical negligence claim be granted.

## IV.   CONCLUSION

For the reasons set forth above, I RECOMMEND that:

1. State Defendant Thomas Carroll's motion to dismiss be **granted**. (D.I. 29); and

2. the Motion to Dismiss of First Correctional and Dr. Dale Rogers be **granted** as to the medical negligence claim and **denied** in all other respects.


This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. **The parties may serve and file specific written objections within ten (10) days** after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal

conclusions may result in the loss of the right to *de novo* review in the district court. See *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir.1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2007, a copy of which is available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.

The Clerk of the Court is hereby directed to mail a copy of this Report and Recommendation to Plaintiff.

／s／ Leonard P. Stark
Honorable Leonard P. Stark
United States Magistrate Judge

May 27, 2008
Wilmington, Delaware